LOTTINGER, Judge.
This litigation arises from an automobile collision which occurred at approximately 12:30 a. m. on December 20, 1953. The plaintiffs, Milton Boudreaux and Vivian Boudreaux Theriot, his sister, allege in their petition that - at the time they were passengers in a 1947 model Ford Two Door automobile ówned by one Alton Boudreaux and being driven at the time by one Clarence Hebert with the consent and permission of the former. The petition recites that shortly before the accident the plaintiffs and. Clarence' Hebert had attended a dance a-t the “Guiding Star Club” which is located within the city-limits of and near the western limits of Jeanerette, Louisiana, and being adjacent to and on the south side of U. S. Highway No. 90 which runs in from a westerly direction from Jeanerette to New Iberia, Louisiana. At approximately 12:30 a. m,, according to the pleadings, the plaintiffs and Hebert left the “Guiding Star,” went to the Ford automobile parked in the rear thereof and entered same, Milton Boudreaux sitting on the back seat and Vivian Boudreaux Theriot seating herself on the front seat beside Hebert, who took the driver’s position. Hebert then drove the car to the south edge .of Highway 90 whereupon he made a left hand turn and started to proceed in a westerly direction. It is averred that “as the said Clarence Hebert entered said West bound traffic lane with said vehicle as aforesaid, another vehicle struck the rear end of said Ford vehicle with terrific force, causing the losses and damages and injuries to your petitioners ■ as shown hereinafter.”
The petition goes on to recite that as a result of the collision the Ford automobile was driven a distance of 100 feet causing it to strike a 1952 Oldsmobile sedan parked facing westward on the north shoulder of the highway and that the Ford was completely demolished. It is also set forth that the'terrific speed of the following vehicle caused it to continue after the initial collision and to veer to the left and strike a 1952 Willys station wagon parked facing west on the south shoulder of the highway *145 some 50 feet from the point of the initial collision. It is alleged that the following vehicle was a 1952 Chrysler driven by one Paul Sherville. Joined as‘parties defendant are the said Paul Sherville and Millers Mutual Fire Insurance Company, insurer of Alton Boudreaux, the-owner of the Ford automobile driven by Clarence Hebert at the time.
The • plaintiffs charge Clarence Hebert with negligence in the following respects:
“a. In driving his vehicle onto a main highly travelled highway in the face of oncoming traffic.
“b. In failing to keep a proper lookout.
“c. In failing to keep his vehicle under proper control.
“d. In failing to see, or if he saw, in failing to bring his vehicle under control, and in failing to stay in a position of safety in the face of impending danger.
“e. In failing to allow the Chrysler vehicle the right of way on a main highway as required by law.”
Negligence is charged against the defendant ■ Paul Sherville in the following respects:
“a. In driving his vehicle at a grossly negligent and careless rate of speed, estimated by your petitioners at from sixty to sixty-five miles per hour.
“b. In driving his said vehicle at the rapid rate of speed aforesaid,. in violation of law, and more particularly in violation of City Ordinance -Number - of the City of Jeanerette, Louisiana, a certified copy of said ordinance being attached hereto and made a part hereof as though copied herein in extenso.
“c. In failing to keep a proper lookout.
“d. In failing to keep his vehicle under proper -control.
“e. In failing to see, or if he saw, in failing to bring his vehicle under control, and in failing to slow down said vehicle upon approaching a slow moving vehicle directly ahead of him.
• “f. In driving his vehicle at the rapid rate of speed aforesaid upon approaching -the said “Guiding Star” night club, which had numerous vehicles parked closely adjacent to said-U. S. Highway 90 in front of said night club, and on both sides of said highway.”
Needless to say,, it is alleged that the negligence of each driver was joint, concurring and a proximate cause of the accident. The petition then goes on .to set out the various injuries received by each plaintiff and concludes with a prayer seeking damages for Vivian Boudreaux Theriot in the sum of $5,250 and for Milton Bou-dreaux in the sum of $17,460. ■
The defendant, Millers Mutual Fire Insurance Company, answered averring that when Hebert reached the edge of U. S. 90 he looked to both right and left and, seeing no approaching vehicles which would present any danger, entered the highway, turned left in the west bound traffic lane, and proceeded in a westerly direction on his right’ hand side of the highway several hundred feet before being struck from the rear by the vehicle, driven by Paul Sherville. The answer denies that Hebert drove the Ford with the owner’s permission and generally denies any negligence on the part of Hebert and admits all such charges levelled in the petition against Sherville. It is further set forth that the sole cause of the accident was the gross negligence of Sherville as alleged by plaintiffs. ’ Alternatively, it is set -forth that he had-the last clear chance of avoiding the accident. In the further alternative it is pleaded that the plaintiffs were guilty of contributory negligence in failing to keep a proper look-out and in failing to see what they should have seen. Also, a further alternative defense is made to the effect that if' Hebert were negligent the plaintiffs are not entitled to recovery for *146 the reason that all occupants of the car were on a joint mission having joint supervision and control of the car.
The answer of Paul Sherville denies the allegations of negligence made against him, he alleging that he was driving in a. cautious and prudent manner under the circumstances, keeping a proper look-out and with headlights burning. Sherville, of course, admits the allegations of negligence levelled against Plebert, and also sets up the defense that the occupants of the other car were on a joint mission. In the alternative he pleads the doctrine of last clear chance against them and in the further alternative charges the plaintiffs with contributory negligence in failing to keep a proper look-out and warn Hebert of approaching traffic. The final defense set up by this defendant is that Hebert was at the time under the influence of intoxicating liquor to the knowledge of the plaintiffs who assumed the risk.
Subsequently, the plaintiffs amended their petition setting up additional medical history pertaining to Milton Boudreaux and asking that he be awarded the sum of $39,610. Both defendants filed answers to the supplemental petition denying all material allegations of same.
This suit and three others arising out of the accident were consolidated for purposes of trial in -the court belo.w. Judgment was rendered in favor of Milton Boudreaux in the sum of $1,500 and in favor of Vivian Boudreaux Theriot in the sum of $2,000 against Paul Sherville. The suit was dismissed as to Millers Mutual Fire Insurance Company and the matter is now before us on a devolutive appeal taken by the plaintiffs. Patil Sherville has neither appealed nor answered the appeal and the judgment against him appears to be final.
The trial judge rendered written reasons for judgment which we set forth herewith:
“On the night of December 19-20, 1953, around midnight, the automobile operated by Clarence Hebert and own- . ed by Alton Boudreaux, after having left the driveway of the Guiding Star Club, was proceeding on the right side of Highway .90, and was on its way to New Iberia, going west, when it was struck in the rear by the automobile operated by Paul Sherville.
“Mr. Sherville admitted that it had been raining at the time and place of the occurrence; that his speed was 40 miles per hour, but he had slowed down to about 35 miles per hour at the moment of the impact; that he was aware he was exceeding the speed limit of 25 miles per hour; that his visibility was reduced because of the rain; he further testified that he first saw the lights of/and the Hebert vehicle when it was coming out at the ‘medium’ speed of an" automobile attempting to cross a highway; that he .applied his brakes and. blew his horn.
“The photograph and estimates filed in evidence show the severity of the impact. They cause the Court to conclude that Mr. Sherville is. mistaken when he fixes his speed at 40 miles per hour, as he must have been travelling at a considerably greater speed. His automobile came to a stop about 90 feet from what the Court believes to be the point of impact, as hereinafter discussed.
“The court therefore feels that it is compelled to conclude that Paul Sherville was not operating his automobile with due regard to the circumstances and conditions then and there existing, and that he was guilty of negligence.
“The evidence preponderates to the effect that Clarence Hebert stopped the automobile he was driving before entering Highway 90; that after stopping he proceeded across at a moderate and ordinary rate of speed; that he had already reached, and was proceeding on the right side of Highway 90 when the automobile he was operating was struck in the rear, as above set forth.
*147 "Clarence Hebert testified that 'he stopped, looked to his right ánd left, saw -nothing coming, and. proceeded into the highway; -that he could-see about 700 feet to his right; that he started off in first speed, shifted to second speed, was travelling at a speed of about 15 miles per hour, and was about to shift -to high speed when he was struck; That the automobile he was driving was about even with the front door of said club when it was struck, a distance of about 70 feet from the center line of the club’s driveway. The evidence-preponderates to the effect that it was at about this point when it was struck. Mr. Sher-ville does'no recall'the point of impact with certainty, but thinks it was where the mark ‘Sherville 4’ appears on the plan. Hebert testified with certainty as to the point of impact.
“It is true that, under the jurisprudence, Clarence Hebert is charged with seeing that which he could have seen and which he should have seen.
“But it is also clear to the Court that the Sherville automobile was not noticed by Hebert, Milton Boudreaux and Vivian Boudreaux Theriot because it could have been ‘a long way off,’ as explained by Milton Boudreaux. In that event, Hebert would not be guilty of negligence if the Sherville automobile was a sufficient distance away to cause him either not.to pay further attention to it if he saw it, or to cause him to believe that it was a sufficient distance away that he would be able to safely enter and safely drive on Highway 90 on the right side, as he intended to do, and which he was doing when struck.
“The Court cannot see where Clarence Hebert was negligent. Nor did Milton Boudreaux and Vivian Boud-reaux Theriot have the opportunity or time to warn Hebert of impending danger, of which they were unaware; their backs were to Sherville, and the car they were in was struck from the rear.
“The Court feels that it must weigh Milton Boudreaux’s' request for the removal of his braces, against him, and must also take into consideration the financial condition of Paul Sherville. His net worth is about $14,000.00.
“Under the circumstances, the Court believes that there should be judgments herein as follows: . ■..
“No. 15,949
“Milton Boudreaux, against' Paul Sherville, $1,500.00
“Vivian Botidreaux Theri-ot against Paul Sherville, 2,000.00 with "legal interest from judicial demand until paid, and all costs.
“Defendant Millers Mutual Fire Insurance Company and against plaintiffs,'. Milton Boudreaux and Vivian Boudreaux Theriot, dismissing the suit of plaintiffs as to it at the costs of plaintiffs.?’
A careful review of the record satisfies us that the findings of the .trial judge are substantially correct. The testimony of Clarence Hebert is to the effect that he and his party left the night club (where they had been for about three hours) at about midnight at- which time he and the plaintiffs proceeded to the car which was parked in the rear, and-entered same, Milton Boudreaux seating himself in the rear and Mrs. Theriot seating herself beside him in the front seat. It was drizzling at the time and he testified further that both the headlights, tail lights and windshield wipers were put on and were operating. He started the car and proceeded to the edge of U. S. 90 at about the center of the club driveway.' At “pretty close’’ to the edge, of the highway he stopped, looked to both right and left and seeing nothing approaching from either direction, entered the highway. This testimony is corroborated by statements made by Vivian Boudreaux Theriot and Milton Boudreaux made on December 22nd and 24th, respectively, 1953, and introduced into the record as Millers 11 and 12.
*148 Hebert further testified that after looking in both directions he entered U. S. 90, turned left and began proceeding in a westerly direction towards New Iberia in his right hand or proper lane .of traffic. He stated very definitely that he was just preparing to shift from second to high gear when he was struck from the rear. The point of collision he places at being even with the front door of the night club and he so marked the spot on a plat of the highway and surrounding area made by G. K. Pratt Munson, C. E., which was introduced into the record. He estimates his speed at the time of the collision as being between ten and fifteen miles per hour. , He stated that he heard no warning, and in this he is corroborated by the testimony of Milton Boudreaux. His, testimony regarding the point of impact and the fact that he was in the right hand lane of travel is corroborated by the testimony of Milton Boudreaux. Vivian Boudreaux Theriot sustantiated that the car was in its proper lane, but could not testify as to the point of collision as she was knocked out and did not remember the collision itself.
With further regard to the point of im- ' pact, Trooper Navarre testified that he found debris and glass at a point marked “VV” on the plat above referred to. This point is on the north side of U. S. 90 and a little distance east of the point of collision as placed by Hebert. Trooper Butcher apparently was of the opinion that the point of collision was approximately as estimated by Trooper Navarre. Using the scale shown on the plat this point would be in the vicinity of 70 feet from the point where the car entered the highway.
With respect to the speed of the respective vehicles it seems clear that the Boud-reaux car was proceeding at between ten and fifteen miles per hour. As none of its occupants either saw or heard the Sherville car it was, of course, impossible for them to estimate its speed. Sherville himself, however, admitted a speed of forty miles per hour which he knew to be above the speed limit in Jeanerette. From the pictures contained in the record showing the damage done to the respective vehicles it is evident that Sherville was travelling in excess of the speed he admitted to.
Counsel for plaintiff, 'of course, admits the fact of negligence on the part'of Sher-ville, but would have us believe Hebert negligent also. We cannot help but conclude, as did the trial judge that Sherville’s negligence was the proximate cause of the accident. Hebert, as we see it, did what a prudent man would have done under the circumstances, and even if he failed to see the oncoming car,- it was not his neglect, but the speed with which Sherville drove and his actions under the circumstances which were the proximate cause of the accident.
For the -reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.