SAVOY, Judge.
This is a suit for property damages sustained as a result of an accident which occurred on December 9, 1966, in New Iberia Parish, Louisiana. Plaintiffs, Firemen’s Insurance Company of Newark, New Jersey, as the subrogee of Chester Comeaux, and Chester Comeaux sued Michael L. Haley for damages to the Comeaux vehicle in the sum of $436.33 and $100.00, respectively. Haley answered the suit and also filed a reconventional demand asking for judgment in the sum of $96.50 for damages to his automobile. Defendant’s reconven-tional demand was answered by plaintiffs, and Haley later filed an amended answer. The amount of damages incurred was stipulated by the parties as being the amounts sued for.
The district court denied recovery on both plaintiffs’ demand and defendant’s re-conventional demand. Only plaintiffs have appealed.
The accident occurred approximately one mile west of the City Limits of New Iberia, Louisiana, at approximately 7:00 A.M. at or near a “T” intersection where Louisiana Highway 674 intersects U. S. Highway 90. The Haley vehicle collided into *493 the rear of the Comeaux vehicle which was driven by Comeaux’s daughter, Jeanette M. Comeaux, approximately 100 feet west of the “T” intersection. The intersection is marked with stop signs and a caution light so as to indicate that U. S. Highway 90 is the favored path of travel. Haley was driving at a speed of approximately 35 miles per hour in a 45 mile per hour zone.
The trial court, in finding that Miss Co-meaux was negligent, said:
“My impression of this case is that I’m going to deny recovery to both of you. There is no question in my mind but that Miss Comeaux was negligent in entering upon Highway 90 when she testified she had seen the Haley car approaching her from New Iberia. She said she saw it when she glanced to the right, nevertheless she entered Highway 90, a very dangerous and well traveled highway at a very dangerous intersection.
“Obviously, she felt that she could make this maneuver in safety, and likewise, obviously this was an error in judgment on her part that she could and did not make this maneuver with safety and had she, having observed the Haley vehicle coming from New Iberia from the direction of her right, she should have brought her car to a complete stop and kept it there until the Haley vehicle had passed her, and then if no further traffic was coming, negotiated the turn and entered U. S. Highway 90.
“The fact that she testified that she observed the Haley vehicle coming from her right but that she nevertheless entered onto the west bound lane of U. S. Highway 90 and onto the shoulder and then returned, slowed down and then returned to U. S. Highway 90 indicates negligence on her part or failure to yield the right-of-way to on-coming traffic.”
Miss Comeaux testified that after seeing the Haley vehicle approaching, she proceeded onto Highway 90 slowly at approximately 10 miles per hour, in a wide sweeping curve so that her car would not slip or slide, since it was raining at the time and the pavement was slippery. After straightening her car out on Highway 90 she began to increase her speed when she was hit from the rear by Haley. Miss Comeaux entered the intersection, at which point Highway 90 made a wide curve, affording her a wide range of vision from both directions of traffic. She admitted that when she approached the intersection she saw Haley’s car approaching from the right approximately 300 or 400 feet away. Nevertheless, she proceeded into the intersection.
As found by the trial court, this Court believes that the action of Miss Co-meaux clearly constitutes negligence on her part. Despite the presence of a stop sign, requiring Miss Comeaux to stop, and a caution light, she failed to yield the right-of-way to the on-coming Haley car proceeding on a favored highway, as required by the laws of this State.
Plaintiffs cite numerous cases dealing with rear end collisions and where one vehicle is following another. However, we do not regard those cases cited as being applicable to this situation. The case of Boudreaux v. Millers Mutual Fire Insurance Company (La.App., 1 Cir., 1955), 80 So.2d 143, upon which plaintiffs strongly rely, is distinguishable from the instant case in that in that case the driver failed to see the defendant’s on-coming car.
Plaintiffs urged alternatively that if Miss Comeaux is found negligent, then they should still recover under the doctrine of last clear chance. Plaintiffs argue that had Haley kept a proper look-out and seen Miss Comeaux entering the intersection 200 feet away and had reduced his speed, he could have avoided the accident. While there may be some merit to plaintiffs’ contention on this point, it appears from the record that had Miss Comeaux pulled off on the right shoulder to allow Haley to go by, or increase the speed of her automobile in order to approach the speed of traffic on the highway, it can also be argued that *494 Miss Comeaux had a chance to avoid the accident after placing herself in the peril which she created. Furthermore, it is not at all clear that Haley could have avoided colliding with the Comeaux car because of the raining condition and slippery surface of the highway.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.